IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM D. BRITTINGHAM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-436-JJF |
| STATE OF DELAWARE, DOUG LODGE, THOM MAY, and EDWARD HALLOCK, | : |
| Defendants. | : |

William D. Brittingham, Pro se Plaintiff.  New Castle, Delaware

## MEMORANDUM OPINION

November 13, 2008
Wilmington, Delaware

**Farnan, District Judge** *[signature]*

Plaintiff William D. Brittingham ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 4.) An amendment to the Complaint added an additional Defendant. (D.I. 5.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint against Defendants Doug Lodge, Thom May, and Edward Hallock.

**I.  BACKGROUND**

There are no allegations in the Complaint. (D.I. 2.) Plaintiff merely asks for recovery of actual damages, including front and back pay, compensatory damages, punitive damages, costs, legal interest and attorney's fees, which suggests an employment action. The civil cover sheet, however, describes the cause of action as "retaliatory and malicious slander." Additionally, the Amended Complaint refers to an EEOC charge. (D.I. 5.)

**II.  STANDARD OF REVIEW**

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section

2

1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

3

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A. Deficient Pleading

The Complaint does not contain a cognizable claim for

relief. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). The Complaint does not apprise the reader of Defendants' alleged acts, or when or where the alleged acts occurred.

For this reason alone, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b).

**B. Eleventh Amendment Immunity**

One of the named Defendants is the State of Delaware. Plaintiff's claim for monetary damages against the State of Delaware is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign

immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted).  Moreover, there is no mention of the State, other than to name it in the caption of the complaint.  Consequently, Plaintiff's claim against the State has no arguable basis in law or in fact and, therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV. CONCLUSION**

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff will be given leave to file an Amended Complaint only as to his claims against Defendants Doug Lodge, Thom May, and Edward Hallock.  An appropriate Order will be entered.