IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM D. BRITTINGHAM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-436-JJF |
| STATE OF DELAWARE, DOUG LODGE, THOM MAY, and EDWARD HALLOCK, | : |
| Defendants. | : |

William D. Brittingham, <u>Pro se</u> Plaintiff.  New Castle, Delaware

**MEMORANDUM OPINION**

February 4, 2009
Wilmington, Delaware

Farnan District Judge

    Plaintiff William D. Brittingham ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 4.) An amendment to the Complaint added an additional Defendant. (D.I. 5.) The Court conducted an initial screening and dismissed the Complaint as frivolous and for failure to state a claim upon which relief may be granted. (D.I. 6.) Plaintiff was given leave to amend the Complaint as to Defendants Doug Lodge ("Lodge"), Thom May ("May"), and Edward Hallock ("Hallock"). The Amendment was filed on December 15, 2008. (D.I. 8.) Plaintiff advises that he voluntarily dismisses May as a Defendant. For the reasons discussed below, the Court will dismiss the Amended Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

    Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment, and alleges that he has a liberty interest in his professional reputation. Plaintiff was hired by the State of Delaware on September 19, 2005. In February 2006, Lodge gave him the option of either resigning from his position or being fired. He began looking for another job in February 2006, with no success. Plaintiff alleges that beginning in February 2006 he was harassed and pressured by Lodge, Hallock

1

and May to resign from his position.

Plaintiff was terminated on June 7, 2006. After his termination, he sought employment for positions for which he was qualified, again with no success. Plaintiff alleges that Lodge, Hallock, and May were contacted for reference checks by potential employers in July 2006, October 2006, and November 2006, respectively. Plaintiff alleges that their responses were defamatory in nature.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not precedential); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to

2

dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and construe them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore,

3

"'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 127 at 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Statute of Limitations

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Where the statute of limitations defense is obvious from the face of the Complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. Smith v. Delaware County Court, 260 F. App'x 454, 456 (3d Cir. 2008)(not precedential); Wakefield v. Moore, 211 F.

"'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 127 at 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Statute of Limitations

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Where the statute of limitations defense is obvious from the face of the Complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. Smith v. Delaware County Court, 260 F. App'x 454, 456 (3d Cir. 2008)(not precedential); Wakefield v. Moore, 211 F.

App'x 99 (3d Cir. 2006)(not precedential) (citing <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff alleges harassment and pressure to resign from his position beginning in February 2006 until his termination on June 7, 2006. Plaintiff filed his Complaint on July 15, 2008, well after the expiration of the two year limitations period. Hence, it is evident from the face of the Complaint that his Fourteenth Amendment claims are barred by the two year limitations period. Therefore, the Court will dismiss the Fourteenth Amendment claim against Lodge and Hallock pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Defamation**

Plaintiff's remaining claim is that he was defamed by Defendants. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 332 (1986) (quoting <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" <u>See also</u> <u>Hernandez v. Hunt</u>, Civ. A. No. 89-4448, 1989 WL 66634 (E.D. Pa. June 16, 1989). Plaintiff's defamations claims are not cognizable under § 1983 and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

**IV.  CONCLUSION**

For the above reasons, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the Complaint would be futile as the claims are either barred by the applicable two year statute of limitations period or are not cognizable under § 1983.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.